### ARGUED AND DETERMINED

#### IN THE

# SUPREME JUDICIAL COURT

#### OF

# MASSACHUSETTS.

---

## SUMNER M. FROST *vs.* BELA H. JACOBS.

### Essex. November 3, 1909. — January 3, 1910.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Way*, Private. *Deed*, Construction. *Equity Jurisdiction*, To enjoin obstruction of way. *Equity Pleading and Practice*, Mandatory injunction.

The rule of construction, that the mention of a way as a boundary in a deed of land is presumed to mean the middle of the way if the land under the way belonged to the grantor, is not an absolute rule of law, and may be overcome where the language of the deed considered in reference to the subject matter and the situation of the parties plainly indicates a different intention.

One, who owned land on a street in a city, which was bounded on one side by a passageway on the land of the adjoining proprietor, maintained a wooden building close upon the boundary, with an outside staircase at the side of the building leading to its second story and projecting two feet into the passageway. On account of this staircase, he bought from the adjoining proprietor a strip of the passageway two feet wide, running the depth of his land and leaving the remaining passageway about ten feet wide. The strip of land was described as two feet wide on the street and of the same width at the opposite end, and as bounded on the purchaser's land for the number of feet which his lot ran back from the street, and on the opposite side "by a private way" for the same distance, "together with a privilege to use said private way in common with myself and others." At the time of the conveyance no persons other than the grantor and the grantee had any legal rights in the passageway. Both parties to the deed of this strip of land by subsequent deeds to other persons treated the deed as not conveying a fee in any part of the remaining private way about ten feet wide. *Held*, that the language of the deed of the strip of land did not plainly convey the fee to the middle of the passageway, and was at the

least ambiguous, so that the circumstances of the purchase and the conduct of the parties might be considered to aid in its interpretation, and that such circumstances and conduct were sufficient to overcome the presumption of fact that the boundary of the strip of land was upon the centre of the private way; and, accordingly, that the deed did not give the grantee any greater right in the passageway than an easement.

Where the owner of a lot of land abutting on a street in a thickly settled part of the business district of a city, bounding at one side on a private way about ten feet wide, has a right to use the way as a passageway for teams as well as for persons on foot, the right in the way having been granted to his predecessor in title for business purposes in a place where buildings might be expected to be erected along the line of the way such that goods or other property might conveniently be loaded or unloaded through doors or windows at a considerable height above the ground, he may maintain a suit in equity to enjoin the owner of the fee in the passageway from building over it at a height of eight and a half feet above the ground; and if a building thus obstructing the way has been erected secretly in the night time after the defendant received express notice of the plaintiff's claim of right in the passageway, there is sufficient ground for a mandatory injunction ordering the removal of the portion of the building above the way.

BILL IN EQUITY, filed in the Superior Court on September 17, 1900, by the owner of a lot of land on the southerly side of Merrimack Street in Haverhill, to enjoin the maintenance by the defendant of a building over the entire width of a private way running between the building of the plaintiff and that of the defendant, the plaintiff contending that he was entitled to the relief prayed for either because he was the owner of the fee of the westerly half of the way with an easement in the easterly half, or because the structure of the defendant was built so low above the way as to interfere with the plaintiff's use of the way.

The case was referred to Harry R. Dow, Esquire, as master, and later came on to be heard before *Dana*, J., who reserved it upon the bill and answer and the master's report for determination by this court.

*E. S. Abbott*, for the plaintiff.

*F. M. Ives*, for the defendant.

KNOWLTON, C. J.   When this bill was filed the plaintiff was the owner of a lot of land on the southerly side of Merrimack Street in Haverhill, extending from the street southerly to the Merrimack River.   While the case has been pending there have been changes in the titles, and in the parties to the suit; but we shall discuss the case as if there had been no such changes. On the plaintiff's land was a brick building, fronting thirty-

seven feet on the street, with its easterly wall abutting on the line of a private way for a distance of nearly eighty-three feet, to the end of the way, and the lot extended thence to the Merrimack River. The way was ten feet and nine inches wide at the line of the street, and eleven and three-tenths feet wide at its southerly end, where it abutted on land of the defendant. On the opposite side of the private way, and along its line, was a four story building belonging to the defendant. The first story of the plaintiff's building was occupied as a store, and the upper stories for business purposes. The property is in the most thickly settled part of the business district of Haverhill.

In a deed of the easterly part of the plaintiff's land, dated April 29, 1847, it was described as follows: "situated on the southerly side of Merrimack Street in said Haverhill and bounded northerly by said street fifteen feet and to continue the same breadth to the river; westerly by land of T. M. Martyn; southerly by Merrimack River; easterly by land formerly of Benjamin Willis, now opened as a common passage. The east and west lines of the lot run about south ten degrees east from the road." A deed of the defendant's land, dated August 20, 1856, describes it in two parcels, the first parcel being a lot measuring on Merrimack Street about forty-two feet, and extending southerly from said street the same width to low water mark in the Merrimack River; and the second as a parcel of unoccupied land lying on said street adjoining the westerly side of the parcel above conveyed, which unoccupied land, together with the parcel first conveyed, measures in all fifty-six feet, and extends back to the Merrimack River the same width. Previously to June 25, 1859, and for six years thereafter, there was a two story wooden building on the northerly end of the lot then owned by the plaintiff's predecessor in title, extending back about thirty feet from Merrimack Street and close up to the eastern boundary line, which line was two feet westerly of the present western line of the private way, and there was a staircase leading from the ground to the second story of said building on the easterly side thereof. The master finds that this staircase was "in said unoccupied land or common passageway belonging to John C. Tilton" (the defendant's predecessor in title). The passageway was then two feet wider than the present pri-

vate way or passageway.   The master also made this finding:
" Because said staircase was on said land of John C. Tilton, said
Stephen Thompson (the plaintiff's predecessor in title), bought
of said Tilton by deed dated June 25, 1859, . . . a part of said
unoccupied land or common passageway, described as follows:
' A certain small parcel of land situate on the southerly side of
Merrimack Street in said Haverhill, and bounded northerly by
said street two feet, easterly by a private way eighty-two feet
nine inches, southerly by land of said Thompson (sic) two feet,
and westerly by land of said Thompson eighty-two feet nine
inches; together with a privilege to use said private way in
common with myself and others.' "   The remainder of this pas-
sageway has been used as a private way by the owners of the
adjacent lots until the erection by the defendant, on September
12, 1900, of a building over the southerly end of the passage-
way, the lower portion of which building is eight feet and a half
above the ground.   This bill is brought to obtain an injunction
against the maintenance of the building over the passageway.

The first question is whether the deed of June 25, 1859, con-
veyed the fee beyond the present line of the passageway.   It is
the law to-day, as it was said to be the law in *Crocker* v. *Cotting*,
166 Mass. 183, 185, that " the rule by which the mention of a
way as a boundary in a conveyance of land is presumed to mean
the middle of the way, if the way belongs to the grantor, is not
an absolute rule of law irrespective of manifest intention, like
the rule in Shelley's case, but is merely a principle of interpre-
tation adopted for the purpose of finding out the true meaning
of the words used."   This presumption of fact has been given
much greater effect in recent cases than it was in the early de-
cisions in this Commonwealth.   But it is still liable to be over-
come if the language, considered in reference to the subject
matter and the situation of the parties, plainly indicates a dif-
ferent intention.   In the present case this " small parcel of land "
is described by boundaries, with a statement of the length of the
boundary line on each of the four sides.   The length of these
lines on the northerly and southerly sides is given as two feet.
It was a conveyance of land which had been described and used
as a " common passage " for more than twelve years.   The land
was bought by the plaintiff's predecessor because an outside stair-

case of his building was on this passageway. The sale was of a part of an existing passageway, and it is argued with much force that it is unreasonable to apply the rule that the boundary of land situated upon a passageway is to be presumed to extend to the middle of the passageway, treating it as a monument, to a sale of a part of the passageway itself. Then the last words in the description, "together with a privilege to use said private way in common with myself and others," imply that the fee of the passageway is not conveyed. So far as appears, no other persons had then any legal rights in the passageway. This language implies that the grantor retains an ownership that will enable him to give others such rights, which ownership could be nothing less than a fee, subject to the easement created in favor of the grantee in the deed. This part of the deed could not be given effect as a reservation to strangers. *Murphy* v. *Lee,* 144 Mass. 371, 374. *Haverhill Savings Bank* v. *Griffin,* 184 Mass. 419, 421. Taking the presumption most strongly in favor of the plaintiff, the deed does not plainly carry the fee to the middle of the passageway, but is at least ambiguous. Under such circumstances the conduct of the parties may be considered to aid in the interpretation of it. *Stone* v. *Clark,* 1 Met. 378. The deed of the plaintiff's estate, made in May, 1868, described it as follows: "A lot of land with a building thereon, situated on the south side of Merrimack Street and running easterly by said street seventeen feet to an angle, thence southerly by a private way eighty-two feet, nine inches to an angle: thence westerly two feet, thence southerly to the river: thence westerly by the river fifteen feet to land of J. C. Bartlett: thence northerly by land of said Bartlett to the point of beginning, with the privilege to the owner of said lot of using the private way in common with other abutting owners." Not only is the length of the line on the street such as to terminate at "an angle," which is at the corner of the passageway, but the side line extending from the end of the passageway to the river is only two feet westerly of the line of the lot upon the private way. So, too, the right conveyed in the passageway is only a "privilege to the owner of said lot to use the private way in common with other abutting owners." This implies that the lot described does not include the private way or any part of it. Later deeds of the same property de-

scribe it in the same way. The defendant's predecessor in title, by a deed of October 11, 1865, conveyed the fee of the private way with his other land, reserving only rights of way in the passageway to the plaintiff's predecessor in title, and to one Moody, the owner of other land near by. So we have both parties to the deed in question, treating it as not conveying a fee in any part of the private way.

For reasons similar to those stated in *Crocker* v. *Cotting, ubi supra,* upon different facts, we are of opinion that this deed does not show an intention of the parties to give the grantee any greater right than an easement in the passageway. In reaching this conclusion we give weight to several different considerations, all pointing in the same direction, no one of which alone, under recent decisions, would be enough to overcome the presumption of fact that the boundary of the lot was upon the centre of the private way.

As the plaintiff is not the owner of the fee of the way, we must inquire whether his easement gave him a right to have it unobstructed by the building. This depends upon the nature of the easement conveyed. The private way was of sufficient width for the convenient passage of teams, and the master finds that for many years it was used for the passage of teams as well as of persons on foot. When the deed was made there was a forge in the basement of the building on the plaintiff's premises, and there was a door opening from the building on the way, under the stairs. The master finds that the " only means of access to said stairway and to said forge was over said private way, and said two foot strip purchased by Thompson, June 25, 1859." He also finds that " the private way was also the only means of access which said Thompson had to his land in the rear of his said building, unless there was some means of passing through the building of which there was no evidence." On the erection of a new building on the plaintiff's land, the Thompson building was moved to the rear, and was used for several years as a storehouse. Those who used the storehouse drove through the private way. We are of opinion that the private way was intended for the use of teams as well as of persons on foot. The fact that the grade descends sharply from Merrimack Street to the southerly end of the way creates a difficulty in the use of

teams, either by driving in and backing out, or by backing in. But we do not think that this difficulty was considered by the parties as an obstacle that should limit the legal rights of the grantee under the deed. The land was used for business purposes when the deed was made, and it must have been contemplated that, in the natural growth of the city, it would be occupied with buildings to which access with teams elsewhere than in front would be important.

Moreover, in considering the meaning of the words "private way" in this conveyance, it is helpful to remember that the right in the way was granted to the owner of land used for business purposes, abutting upon the way. In such a place as this is, buildings might be expected to be erected along the line of the way, such that goods or other property might conveniently be loaded or unloaded through doors or windows at a considerable height above the ground. Perhaps access to the walls or roof of the building from the way, for making repairs, might have been contemplated. The plaintiff is entitled to a right which is convenient for use in connection with such property as his was, and as it reasonably might be expected to become, in the course of development and change produced by the growth of business in the vicinity.

We are of opinion that the erection of the defendant's building over the private way was an invasion of the plaintiff's rights, for which he is entitled to relief in equity. Some of the cases which bear upon the questions discussed are *Atkins* v. *Bordman*, 2 Met. 457; *Brooks* v. *Reynolds*, 106 Mass. 31; *Salisbury* v. *Andrews*, 128 Mass. 336; and *Burnham* v. *Nevins*, 144 Mass. 88.

The building was erected secretly in the night time, after the defendant had received express notice of the plaintiff's claim of right. There is no good reason why the maintenance of it should not be enjoined in accordance with the prayer of the plaintiff's bill.* *Tucker* v. *Howard*, 128 Mass. 361, 363. *Salisbury* v.

---

* The second prayer was for a writ " Enjoining the defendant from maintaining any building or other obstruction on or over any part of the land included in said private way and requiring him to remove forthwith the portion of the building which he has placed over the land included in said private way as aforesaid."

*Andrews,* 128 Mass. 336, 345. *Attorney General* v. *Algonquin Club,* 153 Mass. 447, 455. *Codman* v. *Bradley,* 201 Mass. 361, 369.
*Decree for the plaintiff.*