KATHERINE T. GERO *vs.* METROPOLITAN PARK COMMISSIONERS.

Suffolk.   January 9, 1919. — March 3, 1919.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Revere Beach Reservation.   Parks and Parkways.*

The boulevard of the Revere Beach Reservation was constructed on land taken for park purposes by the metropolitan park commission under St. 1893, c. 407, St. 1894, c. 483, and St. 1895, cc. 305, 450, and, although it was in the form of a boulevard and was spoken of as such, it never became a public way, and these statutes did not impose any liability on the metropolitan park commissioners for a defect in or want of repair of such boulevard.

In the case in which the decision above stated was made it was *pointed out* that in taking the land for the boulevard of the Revere Beach Reservation and in constructing that boulevard the metropolitan park commission did not act under St. 1894, c. 288, which provides in § 3 that, "The liability arising out of any defect or want of repair in any roadway or boulevard maintained by said metropolitan park commission under this act, and the rights and remedies thereto

appertaining, shall be in all respects the same as those provided by law in relation to the repairs of public ways and bridges, in chapter fifty-two of the Public Statutes and any acts passed from time to time in addition thereto or amendment thereof. Actions seeking to enforce such rights and remedies shall be brought against the commissioners as such, but there shall never be any personal liability on the part of them or any of them to any person injured as aforesaid by reason of such defect or want of repair."

TORT against the metropolitan park commissioners for personal injuries sustained on September 1, at about half past eight o'clock in the evening, on the boulevard of the Revere Beach Reservation by reason of a defect consisting of a large hole into which the plaintiff stepped, causing her to trip and fall. Writ dated October 22, 1917.

The defendants demurred to the declaration as amended. The material allegations of the amended declaration and the grounds assigned for the demurrer are stated in the opinion.

The case was argued on the demurrer before *Jenney,* J., who made an order overruling the demurrer, and, at the request of the parties, reported the case for determination by this court, with a stipulation of the parties that, if the demurrer ought to have been sustained, judgment should be entered for the defendants; and that, if the order of the judge was correct, judgment should be entered for the plaintiff in the sum of $800 and costs. The judge stated that the report was made under the provisions of R. L. c. 173, § 105, because he was of opinion that the correctness of his order overruling the demurrer ought to be determined before any further proceedings in the trial court, and because of the agreement of parties that such determination should finally dispose of the case.

The portion of St. 1894, c. 288, § 3, referred to in the opinion is as follows: ". . . The liability arising out of any defect or want of repair in any roadway or boulevard maintained by said metropolitan park commission under this act, and the rights and remedies thereto appertaining, shall be in all respects the same as those provided by law in relation to the repairs of public ways and bridges, in chapter fifty-two of the Public Statutes and any acts passed from time to time in addition thereto or amendment thereof. Actions seeking to enforce such rights and remedies shall be brought against the commissioners as such, but there shall never be any personal liability on the part of them or any of them to any

person injured as aforesaid by reason of such defect or want of repair. . . ."

*J. J. Scott,* for the plaintiff.

*A. E. Seagrave,* Assistant Attorney General, for the defendants.

CARROLL, J. The plaintiff alleges that while travelling on the sidewalk of the boulevard of the Revere Beach Reservation, constructed and maintained by the metropolitan park commission in the city of Revere, she was injured "by reason of a defect consisting of a large hole, into which she stepped;" that "the land . . . on said boulevard was taken by the defendants, as such commission, for public purposes, which land consists of a part of said boulevard and contains the site or location where the plaintiff was hurt as aforesaid; that this taking was by virtue of an instrument recorded with Suffolk Deeds, book 2304, page 261, dated September 4, 1895, a copy of which is hereto attached, marked 'Taking;' . . . that on this boulevard, or to the east thereof, there ran the Boston, Revere Beach and Lynn Railroad, which was also taken by virtue of said acts and power, for the purposes therein set forth." It further is stated in the declaration that there is a continuous passage from Winthrop and Chelsea through this boulevard in Revere to Lynn; that it was the duty of the defendants to keep the boulevard in repair, but that they negligently suffered it to be out of repair and had due knowledge of the defective condition; that due notice of the time, place and cause of the injury was given them, and that the plaintiff was in the exercise of due care.

In the Superior Court the defendants demurred on the ground that the plaintiff's declaration did not set forth a good cause of action; and that St. 1893, c. 407, St. 1894, c. 483 and St. 1895, cc. 305, 450, under which the taking was made by the Commonwealth, gave the plaintiff no action for damages on account of injuries sustained while travelling thereon. The demurrer was overruled and the case reported to this court.

The metropolitan park commission took the land in question (according to the deed of taking annexed to the plaintiff's declaration) for park purposes, under St. 1893, c. 407, St. 1894, c. 483, and St. 1895, cc. 305, 450. By §§ 4 and 8 of St. 1893, c. 407, creating the metropolitan park commission, the commission was given power to maintain "open spaces for exercise and recreation," and

was authorized to take, in fee or otherwise, land for public open spaces within said district, with the concurrence of the park commissioners of the city or town where the property is situated, if private property, "and to preserve and care for such public reservations." By St. 1894, c. 483, § 1, the commission was authorized to take "all the right, title and interest of the public or any corporation or individual in, to or concerning, any of the land, flats or beach in the town of Revere lying along, upon or near, and including so much of, the present location and railroad of the Boston, Revere Beach and Lynn Railroad Company as said board may deem best, and to hold, maintain and care for the same as a park or public open space for exercise and recreation." The plaintiff relies on this taking, and alleges in her declaration that the taking was under these statutes.

The boulevard as it was constructed became a part of the park or open space for recreation and was laid out by the commission under the authority of these statutes, and, although open in the form of a boulevard and spoken of as such, it did not become a public way. The statutes under which the land was taken and appropriated to public use did not impose any liability on the commission for a defect or want of repair, and gave the plaintiff no right to recover if injured by a defect therein. See *McKay* v. *Reading,* 184 Mass. 140; *Oliver* v. *Worcester,* 102 Mass. 489; *Jones* v. *Boston,* 201 Mass. 267.

Under St. 1894, c. 288, § 1, upon which the plaintiff relies, the commission was authorized, with the concurrence of the county commissioners, city government or board of selectmen, as the case may be, "to connect any road, park, way or other public open space with any part of the cities or towns of the metropolitan parks district under its jurisdiction, by a suitable roadway or boulevard," and by virtue of the provisions of § 3 of this statute the liability arising out of any defect or want of repair in such boulevard or roadway, and the rights and remedies pertaining thereto, "shall be in all respects the same as those provided by law in relation to the repairs of public ways and bridges in chapter fifty-two of the Public Statutes," (now R. L. c. 51,) the sums recovered for damages against the commission to be taken and held to be expenses of maintenance. The Revere Beach Reservation was not taken under the statute last mentioned (St. 1894, c. 288); it was

taken under St. 1893, c. 407, St. 1894, c. 483, and St. 1895, cc. 305, 450. It is not alleged in the plaintiff's declaration that the boulevard was appropriated under St. 1894, c. 288, which provides a remedy if one is injured by a defect, or that the proper authorities concurred in the taking, or that the "continuous passage from Winthrop and Chelsea through this boulevard in Revere to Lynn" is a boulevard under this statute (St. 1894, c. 288); and there are no sufficient allegations. to impose liability upon the commission. The mere fact that a boulevard is constructed through a park does not give the plaintiff a cause of action for injuries arising from a defect therein. It may have been constructed for the purpose of making the reservation more available for park purposes. The plaintiff recovers, if at all, by virtue of the statute which gives a remedy for injuries received when a boulevard is laid out under St. 1894, c. 288. The so called boulevard was not laid out under this statute, and it is not alleged that it was so laid out. It was established under different statutes, which impose no liability on the defendants for a defect or want of repair.

The demurrer should have been sustained. According to the report judgment is to be entered for the defendants.

*So ordered.*