CHARLES ANZALONE *vs.* METROPOLITAN DISTRICT COMMISSION.

Suffolk.   January 20, 1926. — September 17, 1926.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Deed*, Construction.   *Way*, Private.   *Metropolitan District Commission.*

The owner of land opposite the proposed location of Fellsway West in Medford in 1897 conveyed a part of the premises to the Commonwealth by a deed which provided that the Commonwealth would "construct along the boundary line of said parkway, within said parcel of land, a roadway and walk to which" the grantor and his "heirs and assigns (owners or occupants of adjoining lands now of grantor) shall have free access, with the right to use the same for the purposes of a way, subject to such reasonable rules and regulations as may from time to time be made by the Metropolitan Park Commission of said Commonwealth" or its successors.   The roadway and walk, separated by a strip of grass, were constructed under St. 1894, c. 288.   In 1925 the only rule of the commission applicable was, "No person shall enter or leave the Parkway except at the regular designated entrances."   A successor in title to the remaining land of the grantor above described applied to the metropolitan district commission for a right of way thirty feet in width for the purpose of an entrance for pleasure vehicles from his land across the sidewalk and the strip of grass to the part of the roadway intended for use by vehicles.   The application was refused solely because the way was intended in part for access to a gasoline filling station for which a small portion of the petitioner's premises was used.   The applicant had a permit from the proper officials to maintain and operate a gasoline filling station, was operating it in conformity to law and was not violating any provisions of the deed to the Commonwealth above described.   He sought a writ of mandamus to compel the granting of the right of way.   *Held*, that
  (1) The parkway is a public way;
  (2) The petitioner had a right of way from his premises over the sidewalk to the parkway;
  (3) Such right of way was available for any reasonable use to which the property lawfully might be put;
  (4) The rule of the commission above quoted was not intended to take away property rights, in the discretion of the commission: it was

to be construed not as giving the right to exclude all access to the roadway, but as authorizing the respondents to designate the location of suitable entrances for parties having a right of access and to make reasonable regulations as to their construction and use;

(5) It was the duty of the commission to grant a way of access upon the petitioner's application, subject to such reasonable regulations and requirements as to location, construction and use as they deemed necessary for the public safety and convenience.

By G. L. c. 92, § 37, giving the metropolitan district commission authority to make rules and regulations for the government and use of the reservations or boulevards under its care, the Legislature did not give the commission an arbitrary power to deprive abutting owners of an easement conferred either by grant or by implication: rules and regulations of the commission are valid only in so far as they are reasonable.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on November 6, 1925, for a writ of mandamus.

The petition came on to be heard by *Carroll*, J., upon the pleadings and an agreed statement of facts. Material facts are stated in the opinion.

The single justice reported the case to the full court for determination.

*L. A. Mayberry*, (*P. Mansfield & W. F. Levis* with him,) for the petitioner.

*C. F. Lovejoy*, Assistant Attorney General, for the respondent.

SANDERSON, J. This is a petition for a writ of mandamus to require the respondents to grant permission for a right of entrance from Fellsway West, in Medford, to the petitioner's land. The case is reported upon the petition, answer and agreed statement of facts for determination by this court.

In 1897 Catherine Hook, guardian of Mary E. Hook, conveyed to the Commonwealth under license from the Probate Court part of a tract of land in Medford by deed containing the following provision: "And for the above-named consideration, and the further consideration that said Commonwealth of Massachusetts shall construct along the boundary line of said parkway, within said parcel of land, a roadway and walk to which said Mary E. Hook and her heirs and assigns (owners or occupants of adjoining lands now of

grantor) shall have free access, with the right to use the same for the purposes of a way, subject to such reasonable rules and regulations as may from time to time be made by the Metropolitan Park Commission of said Commonwealth, or by any other board or department having for the time being the control and management of said parkway." The grantor then covenanted for Mary E. Hook and her heirs and assigns to hold her remaining land abutting on the parkway and to a distance of one hundred feet therefrom subject to certain restrictions which were to be inserted or referred to in any conveyance thereafter made of the whole or any part of the restricted land. The deed then provided that "The restrictions above set forth shall continue in force so long as such roadway and walk shall be maintained by said Commonwealth of Massachusetts, and the grantor, her heirs and assigns, owners or occupants of grantor's now adjoining lands, shall have free access thereto and liberty to use the same for the purposes of a way, subject to the rules and regulations aforesaid." Thereafter the respondents constructed on the land conveyed, a roadway, called Fellsway West, with cinder sidewalk and a narrow strip of grass parking adjacent thereto.

On October 1, 1925, the petitioner applied to the respondents for a right of way for the purpose of an entrance for pleasure vehicles only on Fellsway West, as shown on a diagram, and on October 5, 1925, he was notified that the commission deemed it inadvisable to grant permission for the entrance requested.

It appears from the plan and agreed facts that the entrance sought was thirty feet in width from the petitioner's land across the sidewalk and the strip of grass to the part of the roadway intended for use by vehicles. The petitioner owns substantially all of the land formerly owned by Mary E. Hook after the conveyance to the Commonwealth, as an abutter on the land so conveyed, and it was admitted in the answer that he succeeded to the rights of Mary E. Hook reserved under the deed and thus acquired the right to have free access to the roadway or parkway known as Fellsway West, with the right to use the same for the purposes of a

way, subject to such reasonable rules and regulations as might from time to time be adopted by such board as might at the time have the control and management of the parkway.

One of the purposes for which the right of entrance is sought by the petitioner is for the use of automobiles resorting to a gasoline filling station upon a part of his premises; but he also desires it for all purposes of access to his property. He has a permit from the proper officials to maintain and operate a gasoline filling station and it is operated and maintained in conformity to law, and is not in violation of any restriction in the deed from Hook to the Commonwealth.

It appears from the agreed facts that former members of the commission have in a few cases granted to persons, firms or corporations the right to construct a way from roadways or boulevards of the same character or type as Fellsway West to adjacent premises, upon some of which the owners or others were engaged in the business of maintaining a filling station of the same type as that located on the petitioner's premises.

Under the statutes of the Commonwealth the respondents are authorized to make rules and regulations for the government and use of boulevards under their care. The only rule or regulation heretofore adopted material to this case is "Rule 1. No person shall enter or leave the Parkway except at the regular designated entrances." By the terms of the deed of the petitioner's predecessor in title the right of access was to be subject to reasonable rules and regulations of the respondents. The petitioner's application was not refused because of the particular place where the way was proposed to cross the sidewalk or grass parking line, nor because the respondents preferred any other location, but solely because the way was intended in part for access to a gasoline filling station for which a small portion of the petitioner's premises is used. The question presented is not whether the proposed entrance is at an appropriate place or of a proper width or construction, but whether the petitioner can be deprived of any access to his property from the roadway because the entrance would be used to some extent in connection with the business conducted on his premises.

The provisions of the deed do not prevent the petitioner from using the restricted area for going to and from his gasoline station constructed on the part which is not restricted.

The roadway in question was constructed by the Commonwealth under St. 1894, c. 288, (G. L. c. 92, § 35,) and is a public way. See *Whitney* v. *Commonwealth,* 190 Mass. 531, 533; *Gero* v. *Metropolitan Park Commissioners,* 232 Mass. 389, 393. Access to a public way is one of the incidents of ownership of land bounding thereon, and this right is appurtenant to the land and exists when the fee of the way is in the municipality as well as when it is in private ownership. *Metcalf* v. *Mayor & City Council of Boston,* 158 Mass. 284, 285. *Attorney General* v. *Mayor of Boston,* 186 Mass. 209. *Home for Aged Women* v. *Commonwealth,* 202 Mass. 422, 429.

A general right of way appurtenant to a tract of land, not limited in its scope by the terms of the grant, appertains to every portion of the tract, and upon a division of the land a right of way will exist in the owner of each of the lots into which it may be divided. It is not limited to the purposes for which it was originally designed, but is available for any reasonable use to which the property is or may be put. *Underwood* v. *Carney,* 1 Cush. 285, 290. *Whitney* v. *Lee,* 1 Allen, 198. *Miller* v. *Washburn,* 117 Mass. 371, 374. *Boland* v. *St. John's Schools,* 163 Mass. 229, 237. *Fox* v. *Union Sugar Refinery,* 109 Mass. 292, 298. *Parsons* v. *New York, New Haven & Hartford Railroad,* 216 Mass. 269, 273. *Brookline* v. *Whidden,* 229 Mass. 485. *Mahon* v. *Tully,* 245 Mass. 571, 576.

The easement of access in the petitioner was not created by the deed to the Commonwealth but by the later conveyance to him of land to which the easement was appurtenant, and the decisions holding that a reservation of a right of way in a deed does not create an easement for the benefit of a stranger to the deed have no bearing on the case. See *Murphy* v. *Lee,* 144 Mass. 371; *Haverhill Savings Bank* v. *Griffin,* 184 Mass. 419; *Frost* v. *Jacobs,* 204 Mass. 1, 5; *Kronoff* v. *Worcester,* 234 Mass. 254, 259. If land adjacent to a roadway constructed under St. 1894, c. 288, should be divided into lots in separate ownership, each owner would have a

right of access from his lot to this roadway. *Whitney* v. *Commonwealth*, 190 Mass. 531, 533. See *French* v. *Morris*, 101 Mass. 68; *Dennis* v. *Wilson*, 107 Mass. 591; *Randall* v. *Chase*, 133 Mass. 210; *Blood* v. *Millard*, 172 Mass. 65.

The petitioner is not limited to the rights which he has as an abutting owner. The provisions of the deed hereinbefore quoted have bound the Commonwealth to give the grantor and her successors and assigns free access to the way. See *Stockbridge Iron Co.* v. *Hudson Iron Co.* 107 Mass. 290, 321. The rule of the respondents relating to entering or leaving the Parkway by regular designated entrances was not intended to take away property rights, in the discretion of the commission. If construed to mean that under it the commissioners may in their uncontrolled discretion take away from abutting owners their easement of access to a roadway the rule would be void. *Commonwealth* v. *Maletsky*, 203 Mass. 241, 246. *Kilgour* v. *Gratto*, 224 Mass. 78, 80. *Cawley* v. *Northern Waste Co.* 239 Mass. 540. *Commonwealth* v. *Atlas*, 244 Mass. 78. *Yick Wo* v. *Hopkins*, 118 U. S. 356. Rules and regulations of the park commission are valid only in so far as they are reasonable. *Whitney* v. *Commonwealth, supra.* The exercise of a legal right may be regulated but it is not to be taken away without legislative sanction. *Commonwealth* v. *Maletsky, supra,* page 248. The rule is to be construed not as giving the right to exclude all access to the roadway, but as authorizing the respondents to designate the location of suitable entrances for parties having a right of access and to make reasonable regulations as to their construction and use.

By G. L. c. 92, § 37, giving the commission authority to make rules and regulations for the government and use of the reservations or boulevards under its care, the Legislature did not give it an arbitrary power to deprive abutting owners of an easement conferred either by grant or by implication. G. L. c. 90, § 18, under which the park commissioners may prohibit the use of vehicles altogether on certain ways under their control, is not involved in the decision. No order excluding pleasure vehicles from the roadway abutting on the petitioner's land has been made and the petitioner cannot

be prevented from entering from his land upon a way which the public has a right to use. See *Commonwealth* v. *Kingsbury*, 199 Mass. 542. The respondents' duty was to grant a way of access upon the petitioner's application subject to such reasonable regulations and requirements as to location, construction and use as it deemed to be necessary for the public safety and convenience. See *Goodfellow Tire Co.* v. *Commissioners of Parks & Boulevards of Detroit*, 163 Mich. 249.

A writ is to issue commanding the respondents to hear and determine the petitioner's application, exercising in the manner hereinbefore stated its sound discretion as officers, in view of the fact that the petitioner as the owner of the land is entitled to access to it from the roadway.

*So ordered.*