DELIA DWYER *vs.* METROPOLITAN DISTRICT COMMISSION.

Suffolk.    December 5, 1929. — January 2, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, & WAIT, JJ.

*Metropolitan District Commission. Fellsway. Way,* Private.

The metropolitan district commission, acting under G. L. c. 92, §§ 35, 27, made the following rule as to Middlesex Fells reservation: "No person shall enter or leave the reservation over private property, but only at the regularly designated entrances." Two adjoining lots of land on the northerly side of Fellsway West, a part of the reservation, were conveyed to the same grantee by different grantors; the easterly lot had a frontage of about forty-two feet and was on a corner of a

public way intersecting Fellsway West from the north; the westerly lot had a frontage of about forty feet and was subject to a right of way extending along its westerly boundary from Fellsway West for the benefit of other land of the grantee in the rear of the two lots and of land of another adjoining on the west. Such grantee for a period of years used the two lots on Fellsway West as a unit, and then was granted by the metropolitan district commission a right of entrance which ran into the corner lot, and thence over his westerly lot to his land in the rear, over a location he had been using for many years. Thereafter he applied to the commission for a separate entrance from the parkway to his westerly lot. The application being refused, he petitioned for a writ of mandamus directing the commission to grant him such second entrance. An auditor found that the petitioner also had an entrance approximately twenty feet wide to the intersecting public way, which entrance was a few feet distant from the parkway; that, by the grant of the entrance already made by the commission, an entrance to both lots had been provided which was suitable because the petitioner was using the two lots as one parcel and had been using the granted entrance for many years as a means of access to both lots; and that such entrance was adequate for the petitioner so long as the ownership and use of the land remained as it then was. The petition was dismissed. *Held,* that

(1) The facts, that the easterly and westerly lots had been acquired by the petitioner by separate deeds, and that the easement imposed upon the westerly lot was in favor of other land of the petitioner in the rear and of another adjoining owner not a party to the petition, were not sufficient to require the commission to grant to the petitioner a right of access to the westerly lot directly from Fellsway West;

(2) The rule of the commission was valid and was properly construed by the commission;

(3) The denial by the respondents of the application for the designation of the entrance which the petitioner desired to the westerly lot did not exclude him from access to the roadway; in effect it amounted to a refusal to grant him a right of access in addition to one previously granted him by the commission. Distinguishing *Anzalone* v. *Metropolitan District Commission,* 257 Mass. 32.

PETITION, filed in the Supreme Judicial Court for the county of Suffolk on May 25, 1927, and described in the opinion.

Lot C, referred to in the opinion, was at the corner of Fern Road, a public way, and Fellsway West, which bounded it on the south, and fronted on Fellsway West forty-two and five tenths feet. Lot B adjoined lot C on the west and fronted on Fellsway West forty and two tenths feet.

Adjoining lots B and C in the rear was other land of the petitioner, west of which was land of one Enright.

Other material facts are stated in the opinion.

The petition was referred to an auditor and, after the filing by him of a report and a supplemental report after a recommital, was heard by *Pierce*, J., who ordered the petition dismissed.   The petitioner alleged exceptions.

*W. F. Porter*, (*J. J. Butler* with him,) for the petitioner.

*E. F. Schofield*, Assistant Attorney General, for the respondent.

CROSBY, J.   This is a petition for a writ of mandamus to require the respondents, who constitute the metropolitan district commission, to grant to the petitioner an entrance from Fellsway West, in Medford, to her land. The case is before this court upon exceptions to a ruling and order made by a single justice, in accordance with which an order was entered dismissing the petition.   The case was heard upon the petition, answer, auditor's report and supplemental report.

On March 24, 1899, Ralph K. Abbott and others, predecessors in title to the petitioner, conveyed to the Commonwealth a strip of land adjoining the petitioner's land, lot B, described in the petition; the deed contained the following provision: "And for the above named consideration and the further consideration that said Commonwealth . . . shall construct along the boundary line of said parkway, within said parcels of land a roadway and walk to which we and our heirs and assigns (owners or occupants of adjoining lands now of grantor) shall have free access with the right to use the same for the purposes of a way, subject to such reasonable rules and regulations as may from time to time be made by the Metropolitan Park Commission [now Metropolitan District Commission] . . . or by any other board or department having for the time being the control and management of said parkway." The roadway in question, now known as Fellsway West, was constructed by the commission under the provisions of St. 1894, c. 288 (G. L. c. 92, § 35).   The petitioner's titles to lots B and C were acquired by separate deeds.   Her title to lot B was registered in the Land Court and is "subject to a right of way twelve feet wide extending along the

westerly line from her rear land to Fellsway West." The provisions relating to this right of way in her certificate of title are as follows: "Said Lot B is subject to and has the benefit of the restrictions set forth in a deed given by Ralph K. Abbott et al to the Commonwealth of Massachusetts . . . and so much of said Lot B as is included within the limits of the passageway as shown on said plan is subject to its use by the owners and occupants for the time being of said Enright land and of said Dwyer land as a right of way on foot and with teams."

The respondents admit that the petitioner is the owner of the land described in her petition as lot B, which abuts on the boulevard in Medford known as Fellsway West. The boulevard, with the walk and the planting space, belongs to the Commonwealth and is a part of the metropolitan parks district (G. L. c. 92, § 35) which is under the jurisdiction of the respondents. The petitioner also owns lot C, which is on the corner of Fellsway West and a street known as Fern Road, and adjoins lot B. The total frontage of these two lots on Fellsway West is about eighty-three feet.

The auditor made the following findings: "although said land of the petitioner was acquired by her in several parcels, the petitioner has for a period of years owned the entire parcel in fee, used the land as a unit, and has built no fence or made other evidence of demarcation to indicate that the land was regarded otherwise than in its entirety . . . in observing the premises of the petitioner there is evident a clearly defined and well worn pathway or small roadway running in a northerly direction from an entrance point on the petitioner's land directly adjoining Fern Road, for a short distance, then turning and running in a westerly direction across that portion of the petitioner's land which she described as Lot B, and then turning again and running in a northerly direction across the rear land owned by the petitioner . . . although the petitioner had been using this entrance over a period of thirty years, more or less, no formal permission to use this entrance had . . . been granted by the respondents" before De-

cember 6, 1928. On that date "the respondents granted to the petitioner a right of entrance to" lot C "situated on Fellsway West." To "Fern Road, leading from her land, at a point a few feet distant from Fellsway West, the petitioner has an entrance approximately twenty feet wide." The auditor further found that the respondents by their action of December 6, 1928, have granted the petitioner a suitable entrance to lots B and C provided they are considered as one parcel of land, and not as two separate and distinct lots; that although she has not been granted an entrance to lot B directly from Fellsway West, she has been granted an entrance to other land of hers adjoining that described in the petition; that the granted entrance is a suitable one for the reasons that she is using her two lots B and C as one parcel, and has been using the granted entrance for many years as a means of access to her other land; and that such entrance is suitable and adequate for her so long as the ownership and use of the land remain as it is at the present time.

It is the contention of the petitioner that, as lot B abuts on a public way, she has a common law right of access directly to Fellsway West, and also that she has such a right by the provisions in the deed to her predecessor in title. She further asserts that the fact that she owns lot C is immaterial, that she is entitled as matter of law to have designated to her by the respondents a way of access directly from the roadway to lot B; that she acquired title to these lots under separate and distinct grants as to each of which she became entitled to entrance from Fellsway West, and she relies upon a statement in the decision in *Anzalone* v. *Metropolitan District Commission*, 257 Mass. 32, 36, as follows: "A general right of way appurtenant to a tract of land, not limited in its scope by the terms of the grant, appertains to every portion of the tract, and upon a division of the land a right of way will exist in the owner of each of the lots into which it may be divided. It is not limited to the purposes for which it was originally designed, but is available for any reasonable use to which the property is or may be put."

The soundness of the rule so stated cannot be doubted. G. L. c. 92, § 35, under which the roadway was constructed, reads in part as follows: "The commission shall have the same rights and powers over and in regard to said boulevards as are or may be vested in it in regard to reservations and shall also have such rights and powers in regard to the same as, in general, counties, cities and towns have over public ways under their control." Section 37 of the same chapter provides that "the commission may make rules and regulations for the government and use of the reservations or boulevards under its care." The commission has established rules and regulations for the government and use of the Middlesex Fells reservation of which Fellsway West is a part. The first of these rules and regulations reads, "No person shall enter or leave the reservation over private property, but only at the regularly designated entrances."

The petitioner now has a way of access to her premises by the entrance which the commission granted to her on December 6, 1928; thereby the common law rule that an abutting owner has a right of access to the highway as well as the reservation in the deed from Abbott and others to the Commonwealth is satisfied. In addition she has still another way between Fellsway West and lot B — from Fern Road, a public way upon which the easterly portion of her land abuts for a distance of one hundred and forty feet, and this street leads into Fellsway West. The auditor found "That to Fern Road, leading from her land, at a point a few feet distant from Fellsway West, the petitioner has an entrance approximately twenty feet wide." In *Anzalone* v. *Metropolitan District Commission, supra,* it was said (pages 36 and 37), "If land adjacent to a roadway constructed under St. 1894, c. 288, should be divided into lots in separate ownership, each owner would have a right of access from his lot to this roadway." The rule so stated is not applicable to the facts in the case at bar as the whole of the petitioner's land abutting on Fellsway West of which lot B is a part is held and used by her as one parcel. If lot B should be sold to another the rule above stated would be pertinent and would entitle the purchaser to right of access to Fellsway West.

It was the respondents' duty to grant the petitioner a way of access to the roadway subject to such reasonable regulations as to location, construction and use as they deemed necessary for the public safety and convenience. *Anzalone v. Metropolitan District Commission, supra.* The facts, that the ownership of lot B and of other land owned by the petitioner was acquired by separate deeds, and that the easement imposed upon lot B was in favor of other land of the petitioner in the rear and of other adjoining owners not parties to the petition, are not sufficient to require the commissioners to grant to the petitioner a right of access to lot B directly from Fellsway West. There can be no doubt that rule one, established by the commission, is valid and in the case at bar we are of opinion that it was properly construed. *Metropolitan District Commission* v. *Cataldo,* 257 Mass. 38, 42. *Burke* v. *Metropolitan District Commission,* 262 Mass. 70. See *Van Poppel* v. *Boston Elevated Railway,* 258 Mass. 389, 396.

The denial by the respondents of the application for the designation of an entrance to the premises did not exclude the petitioner from access to the roadway. In effect it amounted to a refusal to grant her a right of access in addition to one previously granted her on December 6, 1928.

The rulings requested could not properly have been given. The order dismissing the petition fails to show any error of law.

*Exceptions overruled.*