EDITH E. GLEASON vs. METROPOLITAN DISTRICT
COMMISSION.

Suffolk. March 7, 1929. — February 24, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, & FIELD, JJ.

*Metropolitan District Commission. Way,* Public: boulevard. *Old Colony Boulevard.*

Acting under Sts. 1894, c. 288; 1912, c. 699, the metropolitan district
commission took in fee a part of a parcel of land, the owner of which
recovered damages for the part taken but not for injury to the re-
maining part. Over a portion of the land taken, the commission laid
out a public boulevard known as Old Colony Boulevard in such a
manner as to leave a strip of the land taken forty feet in width be-
tween the edge of the boulevard and the remaining land of the owner.
Several years later such remaining land was conveyed by a deed
granting no right of way to any public way. The grantee thereupon
requested the commission to grant him access from the granted prem-
ises to the boulevard. The commission refused the request and
barred access by constructing a fence along the front of the granted
premises. Upon a petition by the grantee for a writ of mandamus to
compel the commission to grant such access, it was *held,* that

(1) By reason of the terms of the above statutes, the purpose of
the taking and of the construction of the boulevard was to establish
a public way for public travel;

(2) The taking, therefore, in the absence of any special restrictions
or limitations in said statutes, imported that abutters should have a
right of reasonable access to the boulevard;

(3) The power of the commission under G. L. c. 92, § 37, to make
rules and regulations for the government and use of the boulevard,
was subordinate to such dominant purpose of said statutes, and did
not warrant the commission in refusing to the petitioner all right of
access: such a refusal was an extraordinary impairment of the peti-
tioner's property rights and could not be justified except by clear
sanction in the statutes;

(4) The writ must issue.

PETITION for a writ of mandamus, filed in the Supreme
Judicial Court on November 16, 1928, and described in
the opinion.

The case was heard by *Pierce,* J., upon the petition,
answer and an agreed statement of facts. Material facts

are stated in the opinion.   The single justice ordered the writ to issue.   The respondent alleged exceptions.

*G. R. Nutter*, Special Assistant Attorney General, for the respondent.

*J. H. Sherburne*, (*W. White* with him,) for the petitioner.

RUGG, C.J.   This is a petition for a writ of mandamus to compel the respondent to grant a way of access from land of the petitioner over intervening land of the Commonwealth to the wrought part of the Old Colony Boulevard, which is under the control of the respondent.   Certain land now within the boulevard was taken from a larger tract owned by the predecessors in title of the parcel now owned by the petitioner.   Those owners recovered judgment for damages for the land so taken, and to a special question as to the damage to their remaining land adjacent to the land so taken, including that now owned by the petitioner, the jury answered "None."   The amount of the judgment was collected, but no deed or release was given by the owners.   The land within the limits of the boulevard was taken in fee by the metropolitan park commissioners (to whose powers and duties the respondent has succeeded) in December, 1914, pursuant to authority conferred by St. 1894, c. 288, and St. 1912, c. 699.   Both these acts relate to the taking of land for and the construction of parkways and boulevards.   By § 1 of said c. 288 power was conferred "to connect any road, park, way or other public open space with any part of the cities or towns of the metropolitan parks district under its jurisdiction, by a suitable roadway or boulevard . . . and also to take or acquire in fee . . . any lands or rights or easements or interest in land . . . , although the land so taken or any part thereof be already a street or way, and to construct and maintain along, across, upon or over the same . . . a suitable roadway or boulevard . . . ."   Said c. 699 relates to specified parkways and boulevards but so far as here material does not contain otherwise enlarged grants of power.   The width of the boulevard is not stated categorically, but apparently it varied from about one hundred and twenty to one hundred and fifty feet.   Prior to 1927,

acting under the power conferred by law, the respondent or its official predecessor laid out and constructed with sidewalks the public way or boulevard known as the Old Colony Boulevard upon and through the land taken. A portion only of the land so taken was used for the construction of the sidewalk and boulevard. Land of the Commonwealth lying between that of the petitioner and the edge of the sidewalk nearer to her land is approximately forty feet in width. The distance from her land to the nearer edge of the boulevard is approximately sixty feet. In 1928 the petitioner acquired her land adjacent to the boulevard and has erected thereon a place of business. The respondent has refused her request for a driveway entrance from the boulevard to her land and has constructed a wire fence with concrete posts along the front of her land, thus barring all access to her land and place of business from the boulevard. The deed of the petitioner does not purport to give her a right of way to a public way and she has no such right recognized by the owner of adjoining land.

The respondent has "the same rights and powers over and in regard to said boulevards" as it has "in regard to reservations," G. L. c. 92, § 35, and "may make rules and regulations for the government and use of the reservations or boulevards under its care." G. L. c. 92, § 37. These are words of broad signification. Thus the respondent is given wide jurisdiction of the administration of the boulevards. It may set aside parts thereof as reserved spaces and may by reasonable rules exclude the public from such reserved spaces. *Van Poppel* v. *Boston Elevated Railway*, 258 Mass. 389, 396. There is no right of access by abutting owners to parkways or boulevards constructed within public parks or other reservations of that nature. *Burke* v. *Metropolitan District Commission*, 262 Mass. 70, 74. Such parkways and boulevards are not primarily for public travel but for the enjoyment of recreation spaces. There is special provision in G. L. c. 92, § 36, for liability for personal injuries sustained by travellers on boulevards laid out as was the Old Colony Boulevard. *Van Poppel* v. *Boston Elevated Railway*, 258 Mass. 389, 396. But in general there is no

liability for personal injuries received by travellers on boulevards which are parts of public parks or which partake of the nature of public parks. *Gero* v. *Metropolitan Park Commissioners*, 232 Mass. 389. *Dakin* v. *Somerville*, 262 Mass. 514.

The taking in the case at bar was not made for park or reservation purposes or for both park and boulevard purposes. The effect of such a taking is not before us. The taking in the case at bar was made under an authority enabling the public board to construct roadways and boulevards. Whatever may be said as to distinctions between ordinary streets, roads and highways, on the one side, and parkways and boulevards constructed within public parks and reservations, on the other side, in the present case the boulevard was for purposes of public travel. It was established as a public way. Other powers over it by the respondent are incidental to that dominating purpose. That result follows from the terms of the statutes under which the taking was made. A taking of land for purposes of public travel or as a public way, in the absence of special restrictions and limitations, imports that abutters thereon have reasonable right of access thereto. It was said in *Whitney* v. *Commonwealth*, 190 Mass. 531, at page 535, a petition for the assessment of damages to land caused by the laying out of a boulevard under St. 1894, c. 288, that the presiding judge rightly instructed the jury that if abutting land should be "divided into building lots, in separate ownership, . . . the owners would have a right of access from their lots to this boulevard, which is a public way." The vesting in the respondent by G. L. c. 92, § 35, of the same rights and powers over such way as it has with regard to reservations, does not clothe it with authority to deny all right of access thereto by abutters. Those rights and powers are limited by the nature of the subject over which they are to be exercised. That subject is public travel over a public way in all its essential characteristics. Exclusion of access to an avenue of public travel by abutters is not inherent in the nature of such a roadway. It can exist only by express or necessarily implied legislative sanction.

All this was decided in *Anzalone* v. *Metropolitan District Commission,* 257 Mass. 32, where authorities are reviewed. *Dwyer* v. *Metropolitan District Commission,* 269 Mass. 573, 579. See *Donovan* v. *Pennsylvania Co.* 199 U. S. 279, 301, 302. Denial of all access by an abutter to a way for public travel is an extraordinary impairment of property rights. It might be destructive of most, if not of all, valuable uses of land of the abutter. It is not to be inferred without words clearly conferring the power to declare such denial. It would be unjust to uphold the validity of a regulation of the respondent prohibiting access when presumably under what was said in the Whitney case damages sustained by the petitioner's predecessor in title were assessed upon the theory that the right of access existed. The right and power of the respondent to make and enforce reasonable rules and regulations as to access by abutters to the boulevard, although extensive, do not reach to prohibition of such access. Powers of the respondent to regulate the nature of travel over the boulevard are not involved on this record. Reasonable access must be given by the respondent. Notwithstanding the able argument in behalf of the respondent, we are constrained to say that no error of law is disclosed on this record.

*Exceptions overruled.*