ERNEST S. HAYECK & another *vs.* METROPOLITAN
DISTRICT COMMISSION.

Suffolk.    December 4, 1956. — January 31, 1957.

Present: WILKINS, C.J., RONAN, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*State Administrative Procedure Act. Pleading, Civil,* Demurrer.

An allegation that landowners were entitled to access to their property
from an abutting way within the jurisdiction of the metropolitan
district commission subject to reasonable rules and regulations of the
commission was a conclusion of law not admitted by a demurrer. [374]

A proceeding under the State administrative procedure act, G. L. (Ter.
Ed.) c. 30A, inserted by St. 1954, c. 681, § 1, to review action by the
metropolitan district commission after a public hearing denying the
petitioners access to their property from an abutting way within
the jurisdiction of the commission could not be maintained where
the basis of the right of access asserted by the petitioners did not
appear and it was not shown that the final action of the commission
denying the access was taken in an "adjudicatory proceeding" as
defined in the statute. [375]

PETITION, filed in the Superior Court on January 25, 1956.

The case was heard by *Goldberg,* J., on demurrer.

In this court the case was submitted on briefs.

*Jason A. Aisner,* for the petitioners.

*George Fingold,* Attorney General, & *Vincent J. Celia,*
Assistant Attorney General, for the respondent.

WILKINS, C.J.    The petitioners, owners of a parcel of
land at 6 Otis Place, Boston, bring this petition, pur-
portedly under the State administrative procedure act,
G. L. (Ter. Ed.) c. 30A, inserted by St. 1954, c. 681, § 1,
to review a decision of the metropolitan district com-
mission denying an application for leave to construct a rear
driveway entrance to an abutting way designated on a
plan annexed to the petition as "Service Road (formerly
Embankment Road)" and located in the Charles River
Reservation "within the jurisdiction of the metropolitan

district commission." A demurrer to the petition was sustained, and the petitioners appealed.

The application was filed on September 29, 1955, and on November 25, 1955, the commission advised the petitioners in writing that it had been denied. The petitioners then requested a public hearing which was granted and was held on December 22, 1955. On December 30, 1955, the commission notified the petitioners in writing of its refusal to reconsider its earlier action.

In c. 30A there are the following pertinent provisions. "Except so far as any provision of law expressly precludes judicial review, any person or appointing authority aggrieved by a final decision of any agency in an adjudicatory proceeding, whether such decision is affirmative or negative in form, shall be entitled to a judicial review thereof" in certain prescribed ways. § 14. "'Adjudicatory proceeding' means a proceeding before an agency in which the legal rights, duties or privileges of specifically named persons are required by constitutional right or by any provision of the General Laws to be determined after opportunity for an agency hearing," with exceptions not material. § 1 (1). "'Agency' includes any department, board, commission, division or authority of the state government, or subdivision of any of the foregoing, or official of the state government, authorized by law to make regulations or to conduct adjudicatory proceedings," with certain immaterial exceptions. § 1 (2).

The commission is undoubtedly an agency as defined in § 1 (2). But these are not adjudicatory proceedings as defined in § 1 (1). The petitioners complain that they have not been allowed access to so called "Service Road." The record is quite meager. We do not know when or how the petitioners acquired title. The road would appear to be within the area authorized to be taken for a public park by the board of park commissioners of the city of Boston pursuant to St. 1903, c. 465, §§ 11, 12, and transferred to the control of the metropolitan park commission by St. 1909, c. 524, and later transferred to the control of the metro-

politan district commission. St. 1919, c. 350, Part IV, § 123.

The petition does not show on what basis the right of access is contended to rest. The allegation that "your petitioners are entitled to have free access for pedestrians and pleasure vehicles to their property from the said Service Road, subject to such reasonable rules and regulations as may have been made by the said commission" is a conclusion of law not admitted by demurrer. *Jones* v. *Dow,* 137 Mass. 119, 121. *Laughlin Filter Corp.* v. *Bird Machine Co.* 319 Mass. 287, 290. *Sher* v. *Perlman,* 324 Mass. 390, 392. *Donovan* v. *Eastern Racing Association, Inc.* 324 Mass. 393, 397.

If the road was laid out as part of a public park, the petitioners or their predecessors in title acquired no right of access by virtue of being abutters. See *Gero* v. *Metropolitan Park Commissioners,* 232 Mass. 389, 392; *Burke* v. *Metropolitan District Commission,* 262 Mass. 70, 73. If any right of the owners of the petitioners' land was taken under St. 1903, c. 465, there was an express remedy under the eminent domain statute in accordance with § 12 of that act. If any property of the petitioners or their predecessors in title was damaged by the construction of a limited access way under St. 1949, c. 262, entitled "An Act providing for the construction of a limited access way along the southerly side of the Charles River from Nashua Street near the Leverett Street Circle to Soldiers Field Road in Boston . . ." there was an express remedy under G. L. (Ter. Ed.) c. 79 provided by § 12 of that act. Compare *Nichols* v. *Commonwealth,* 331 Mass. 581. If any error of law was committed by the commission in denying the petitioners' application, we, of course, make no intimation that they had no appropriate remedy. Compare *Anzalone* v. *Metropolitan District Commission,* 257 Mass. 32.

The petitioners have shown no constitutional right which was involved in the denial of their application. If the petitioners' contention be that the denial of their application was somehow in itself a deprivation of a right of access, their

position in these proceedings is not improved. The necessity for appropriating property for public use is not a judicial or quasi judicial question but is a legislative one. This statement is true irrespective of whether the determination is by the Legislature or by public officers to whom the Legislature has delegated the power. As such a decision is purely political, a hearing is not essential to due process under the Fourteenth Amendment to the Constitution of the United States or under art. 10 or art. 12 of the Declaration of Rights. *Holt* v. *City Council of Somerville*, 127 Mass. 408, 410. *Lynch* v. *Forbes* 161 Mass. 302, 308. *Old Colony Railroad, petitioner*, 163 Mass. 356, 357. *Boston* v. *Talbot*, 206 Mass. 82, 89–90. *Despatchers' Cafe Inc.* v. *Somerville Housing Authority*, 332 Mass. 259, 261. *McAuliffe & Burke Co.* v. *Boston Housing Authority*, 334 Mass. 28, 30. *Bragg* v. *Weaver*, 251 U. S. 57, 58. *Joslin Manuf. Co.* v. *Providence*, 262 U. S. 668, 678. *Rindge Co.* v. *County of Los Angeles*, 262 U. S. 700, 709. *Bailey* v. *Anderson*, 326 U. S. 203, 205. *United States* v. *Carmack*, 329 U. S. 230, 247. Davis, The Requirement of a Trial-Type Hearing, 70 Harv. L. Rev. 193, 207.

The petitioners rightly concede that there was no statutory provision entitling them to a hearing before the commission. G. L. (Ter. Ed.) c. 92, §§ 35–37. See *Attorney General* v. *Mayor & Aldermen of Northampton*, 143 Mass. 589, 590. From what we have said, it is apparent that any such requirement would not have availed the petitioners in the case at bar.

One ground of demurrer was that the final decision of the commission did not result from adjudicatory proceedings under c. 30A, §§ 1, 14. As this ground was clearly valid, *Hiller* v. *American Telephone & Telegraph Co.* 324 Mass. 24, 25, we do not discuss the other grounds.

*Order sustaining demurrer affirmed.*