ATHOS LONGO *vs.* METROPOLITAN DISTRICT COMMISSION.

Suffolk.    November 5, 1964. — December 4, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & SPIEGEL, JJ.

*Way,* Public: boulevard, defect, traveled roadway, safety island. *Practice, Civil,* Motion to dismiss.

The Commonwealth would be liable under G. L. c. 92, § 36, for injuries sustained by a pedestrian by reason of a defect in an island, reasonably adapted to use by pedestrians, located within the outer limits of the constructed traveled roadway of a boulevard of the Metropolitan District Commission. [176–177]

A motion to dismiss a proceeding at law should not be allowed on a ground not apparent on the record and requiring determination on evidence. [177]

PETITION filed in the Superior Court on June 26, 1963.

A motion to dismiss was allowed by *Sullivan,* J. The petitioner appealed.

*Morris Michelson* for the petitioner.

*Samuel W. Gaffer,* Assistant Attorney General, for the respondent.

CUTTER, J. Longo alleges "he was lawfully crossing a center island in the roadway of the Revere Beach Parkway . . . in Revere . . . at the intersection with a parkway going to Malden and Medford" under the control of the commission and because "of a defect on . . . [the] center is-

land within the limits of the constructed and traveled roadway . . . consisting of an iron rod protruding from the ground . . . was caused to be thrown to the ground" and injured. It is further alleged that due notice of the injuries was given and that the defect had existed "for an unreasonable length of time" and might have been remedied by reasonable care and diligence on the part of the commission. A motion by the Commonwealth to dismiss was allowed. Longo appealed.

Liability for certain injuries on the commission's boulevards is created by G. L. (Ter. Ed.) c. 92, § 36.[1] No additional liability is created by G. L. c. 258, § 1. See *Executive Air Serv. Inc.* v. *Division of Fisheries & Game,* 342 Mass. 356, 359. To recover, Longo must show that he was "traveling on . . . [a] boulevard" and was injured by a defect "within the limits of the constructed traveled roadway" of this boulevard.

In *Miles* v. *Commonwealth,* 288 Mass. 243, 244, a decayed, dangerous tree upon a gravel strip, adjacent to a macadam roadway, was held to be a defect "within the limits of the constructed traveled roadway," where the strip "had been . . . surfaced for travel and . . . to some extent was used

---

[1] Section 36 is closely related to G. L. (Ter. Ed.) c. 92, § 35, which, so far as material, reads, "The commission may connect any way . . . with any part of the towns of the . . . district under its jurisdiction by suitable . . . boulevards . . . and may construct and maintain . . . over lands acquired for such boulevards . . . a suitable roadway or boulevard. The commission shall have the same rights and powers . . . in regard to said boulevards as . . . may be vested in it in regard to reservations and . . . also . . . such rights and powers . . . as . . . towns have over public ways under their control." Section 36 reads, in part, "The commonwealth shall be liable for injuries sustained by persons while traveling on any *boulevard* maintained by the commission under authority of . . . [§ 35], if the same are caused by *defects within the limits of the constructed traveled roadway,* in the manner and subject to the limitations . . . specified in . . . [c. 84, §§ 15, 18, and 19] except that the commonwealth shall not be liable for injury sustained because of the want of a railing . . . or for injury sustained upon the sidewalk of a boulevard or during the construction . . . or repair of such boulevard. Actions . . . to enforce such rights . . . shall be brought against the commission . . ." (emphasis supplied). Section 36, as it now reads, was enacted by St. 1923, c. 230, following a recommendation (1923 House Doc. No. 1100, p. 13) by the commission that the State's liability for injuries on the commission's boulevards should be the same as for injuries on State highways. See G. L. c. 81, § 18, which imposes liability subject to substantially the same exceptions contained in the passage quoted from § 36. See also 1923 House Bill No. 1226.

Longo v. Metropolitan District Commission.

for travel." In *Becker* v. *Boston,* 321 Mass. 230, 231, 233–236, a defect in the edgestone of a reservation for street car tracks in the middle of a city street was treated as part of the public way. It appeared that the place where the defect occurred was beside a platform reserved for the use of pedestrians,[2] so that it was an area over which pedestrians might reasonably be expected to travel.

We see no reason for restricting the scope of the Commonwealth's liability under c. 92, § 36, to persons using the traveled roadway for vehicular traffic. Pedestrians may be lawfully upon the traveled roadway of a State highway or boulevard, particularly at or near intersections. Places, like safety islands and crosswalks in the center of traffic circles or dividing strips, may be adapted to or intended for pedestrian use and may also be functional parts of the management of traffic upon the boulevard. The language of § 36 is broad enough to impose liability for injuries to pedestrians caused by defects in those portions of such safety and similar islands or strips which are within the outer limits of the traveled part of the boulevard and reasonably adapted to pedestrian use.

The dividing strip between two roadways forming a single boulevard may be so broad or so constructed that it is apparent that there was no intention or expectation that it, or some portions of it, would be used by pedestrians at all, or islands within the outer limits of boulevards may be so placed as to make it unreasonable for pedestrians to enter upon them. As to those islands and strips so placed as to be appropriate for use by pedestrians reasonably crossing a boulevard, we hold that § 36 imposes liability to pedestrians for injury to them, notwithstanding the fact that the islands and strips are not designed for vehicular travel, if

---

[2] Cases relied upon by the commission to some extent, like *Anzalone* v. *Metropolitan Dist. Commn.* 257 Mass. 32, *Metropolitan Dist. Commn.* v. *Cataldo,* 257 Mass. 38, *Dwyer* v. *Metropolitan Dist. Commn.* 269 Mass. 573, do not deal with the issue here presented. The Commonwealth does not appear to contend that G. L. c. 92, § 36 (see fn. 1), is not applicable. Cf. *Gero* v. *Metropolitan Park Commrs.* 232 Mass. 389, 392–393. Cf. also *Hayeck* v. *Metropolitan Dist. Commn.* 335 Mass. 372, 374.

the other requisites of State liability are present. If the Legislature had intended to exclude such islands from the scope of § 36, it would have been natural to include an additional exception in the section.

The precise character of the island referred to in the petition, and whether Longo was injured at a point where it was reasonable for a pedestrian to cross the island, cannot be determined until evidence is received. The allegations of the petition appropriately describe an island which may or may not be in fact a part of the traveled roadway. It was error to rule in effect that it was apparent from the record (see *Tobin* v. *Downey,* 310 Mass. 721, 722; *Commissioner of Corps. & Taxn.* v. *Aetna Life Ins. Co.* 328 Mass. 404, 409) that the Commonwealth by § 36 had not consented to a suit against it for the injury alleged.

The order allowing the motion to dismiss is reversed and the case is remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*