METROPOLITAN DISTRICT COMMISSION *vs.* FRANCES CATALDO.

Suffolk. January 20, 1926. — September 17, 1926.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Deed,* Construction. *Way,* Private. *Metropolitan District Commission.*

An application to the metropolitan district commission in 1925 by an owner of land on the Revere Beach Parkway for permission to construct a roadway or roadways for access to and egress from his premises, which were intended to be used as a public gasoline filling station, where it appeared that the application was by a successor in title to one who in 1902 had conveyed a part of a parcel of land then used only for farming purposes to the Commonwealth by a deed providing that he and his successors in title should have free access to whatever walk and roadway the Commonwealth might construct along or in front of the rest of his land, with the right to use it for the purposes of a way subject to such reasonable rules and regulations as might from time to time be made by the metropolitan park commission or its successors, should not be denied by the commission merely because of the intended use of the property as a gasoline filling station; the commission should grant to the applicant a right of access to and egress from his property for any proper purpose including that to which it was intended to be put, subject to reasonable restrictions and requirements as to location, construction, and use deemed by the commissioners necessary for the public safety and convenience. Following *Anzalone* v. *Metropolitan District Commission, ante,* 32.

The determination of the facts relating to what regulations and require-
ments as to location, construction and use should be imposed upon the
applicant in the case above described was the province of the commis-
sion and was not for this court in the first instance.

The applicant, upon the denial by the commission of his application above
described for the sole reason that he intended to use his property for
a public gasoline filling station, had no right to remove the curbing
on the land of the Commonwealth without a permit from the com-
missioners; he should have proceeded to enforce his rights by mandamus
proceedings.

Upon the applicant's removing the curbing on the land of the Common-
wealth following the action of the commission above described and
without further proceedings, the commission was entitled to maintain
a bill in equity enjoining him from removing curbings if replaced by the
commission and from constructing roadways upon land of the Com-
monwealth until they have acted upon his application by designating
a way or ways between the roadway of the parkway and land of the
defendant.

BILL IN EQUITY, filed in the Supreme Judicial Court for
the county of Suffolk on May 28, 1925, and described in the
opinion.

A demurrer was overruled and facts were agreed upon.
Material facts are stated in the opinion. The suit was
reported by *Braley,* J., for determination by the full court.

*C. F. Lovejoy,* Assistant Attorney General, for the plaintiff.

*J. Dewey,* for the defendant.

SANDERSON, J. This is a bill in equity brought by the
metropolitan district commission of the Commonwealth
of Massachusetts against the defendant, the owner of a
parcel of land abutting on the Revere Beach Parkway, to
order her to refrain from removing curbing if replaced by the
plaintiffs and from constructing, from her land across the
sidewalk of the Commonwealth to the roadway owned by it,
two ways, one for entering and the other for leaving her
premises. The defendant's demurrer to the bill was over-
ruled and the case was reported upon the complaint, answer
and agreed statement of facts for determination by this
court.

The land of the Commonwealth adjoining the defendant's
premises is a part of the Revere Beach Parkway constructed
under St. 1894, c. 288, (G. L. c. 92, § 35,) and was conveyed to
the Commonwealth by one Brodbine in 1902 by a deed con-

taining the following provision: "And for the above-named consideration and for the further consideration that I, and my heirs and assigns, (owners or occupants of adjoining lands now of grantor) shall have free access to whatever walk and roadway is now or may hereafter be constructed by said Commonwealth along or in front of said adjoining land and over the premises hereby conveyed, with the right to use the same for the purposes of a way subject to such reasonable rules and regulations as may from time to time be made by the Metropolitan Park Commission of said Commonwealth, or by any other board or department having for the time being the control and management of said Parkway, I do hereby for myself and my heirs, executors and administrators, covenant with said Commonwealth of Massachusetts, that I, and my heirs and assigns, will hold my now remaining land abutting upon said Parkway, and to a distance of Twenty feet therefrom, subject to the restriction for the term of nine hundred and ninety-nine years from the date of these presents (which shall be inserted or referred to in any conveyance hereafter made by me or them of the whole or any part of said restricted land), that no structure or building, or part thereof, except steps to buildings, shall be erected, placed or maintained upon said restricted land."

The land of the defendant bounding on the Revere Beach Parkway was a portion of the adjoining land of Brodbine, referred to in the deed to the Commonwealth, and has become the property of the defendant by mesne conveyances from Brodbine. In 1902 this land was used only for farming purposes.

The land of the Commonwealth consists of a roadway and a cinder sidewalk between the roadway and the defendant's land, both having been constructed by the Commonwealth upon the land conveyed by the Brodbine deed.

On February 16, 1925, the defendant notified the commissioners of her intention to erect a public gasoline filling station upon her land; and to construct at the westerly end of her premises a roadway about forty feet in width across the land of the Commonwealth (now used as a sidewalk) for the ingress of automobiles from Revere Beach Boulevard to

her premises, and to construct another similar roadway for the purpose of egress from her premises to the parkway. In this letter she asked for a conference with the plaintiffs as to the location and construction of the proposed roadway and as to the rules and regulations of the commission. She also notified them that she intended to use her premises as a public gasoline filling station, for which she had permission.

On March 20, 1925, the plaintiffs notified the defendant's counsel that upon the defendant's petition for the construction of an ingress to and egress from her premises it was "Voted that, in the opinion of the Commission, the construction and use of said roadways in the location and for the purposes petitioned for is undesirable and inconsistent with the safety and convenience of the public and with the appearance of the parkway and the purposes for which it is maintained."

On March 30, 1925, the defendant notified the plaintiffs that on April 2, 1925, she would begin the work referred to in her letter of February 16, 1925, unless she received word that they wished to confer with her in regard to the location or construction of the roadways. In pursuance of her intention to construct an entrance to her premises, the defendant has removed curbing in front of her land for a space of thirty-five feet. The plaintiffs have not indicated a preference for any location for an entrance or exit other than those suggested by the defendant, but have taken the position that the defendant should not have any entrance to her premises from the boulevard or any exit from them to it because of her use and intended use of the property as a gasoline filling station.

The general rights of the parties in this case depend upon the principles stated in *Anzalone* v. *Metropolitan District Commission, ante,* 32, which need not here be repeated. Reference is made to that case for a statement of the reasons for the decision of the fundamental questions involved. The differences between the cases relate principally to the acts of the respective owners in attempting to assert their rights and in the form of the remedy by which the parties have undertaken to enforce them. In this case, as in that, the

commissioners were required under the law to grant to the abutting owner right of access to her property for any proper purpose including that to which it is intended to be put, subject to reasonable restrictions and requirements as to location, construction, and use deemed by the commissioners to be necessary for the public safety and convenience.

The court cannot pass upon these questions of fact: they are to be decided by the commissioners. See *French* v. *Jones,* 191 Mass. 522, 532; *Ayer* v. *Commissioners on Height of Buildings in Boston,* 242 Mass. 30.

The defendant is not in the position of a person who has a right of way of a definite kind at a specified place, and cases which relate to such rights are not controlling in the case at bar. *Brown* v. *Stone,* 10 Gray, 61. *Gordon* v. *Taunton,* 126 Mass. 349. *Hayes* v. *Di Vito,* 141 Mass. 233. *O'Brien* v. *Murphy,* 189 Mass. 353. *Downey* v. *H. P. Hood & Sons,* 203 Mass. 4.

The defendant had no right to remove the curbing on the land of the Commonwealth without a permit from the commissioners. Upon their refusal to grant a permit for a way reasonably necessary for access to her property, she should have proceeded by petition for writ of mandamus. On the other hand the commissioners exceeded their powers in refusing to grant any permit for access, and we have no way of knowing whether, when they act upon the defendant's application, recognizing her legal right of access they will permit the construction of the exit and entrance applied for at the places designated by the defendant, or whether, if only one way of access is approved, it will be at one of those places.

A decree may be entered enjoining the defendant from removing curbings if replaced by the plaintiffs, and from constructing roadways upon land of the Commonwealth, until the commissioners have acted upon her application by designating a way or ways between the roadway of Revere Beach Parkway and land of the defendant.

*Ordered accordingly.*