CHARLES H. CENTEBAR *vs*. SELECTMEN OF WATERTOWN & another.

Middlesex. February 5, 1929. — June 27, 1929.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Way*, Public: fire alarm apparatus. *Equity Jurisdiction*, To enjoin nuisance. *Constitutional Law*, Due process of law. *Equity Pleading and Practice*, Master: exceptions to report; Appeal.

Where an appeal from an interlocutory decree overruling exceptions to a report by a master in a suit in equity and confirming the report was not filed within the time fixed by statute, such exceptions cannot be considered on an appeal from the final decree if it does not appear that the final decree was erroneously affected by such interlocutory decree.

The rights of the public in a highway, including a sidewalk within its limits, include the right to lay therein the cable of a fire alarm signal system and to erect, equip and maintain therein the cable boxes incidental thereto.

A suit in equity to enjoin the selectmen of a town and its inspector of poles and wires from erecting a fire alarm cable box in a certain location in the public sidewalk which adjoined the plaintiff's real estate was referred to a master, who found the following facts: The cable box was an essential part of a fire alarm and signal system of the town. The plaintiff owned a block on a public way containing a store at each end and tenements between, the entrance to the tenements being in the center and those to the stores at each end of the building. In front of the building there was a sidewalk about twelve feet wide of which two feet in width were on the plaintiff's land. The defendants proposed to erect, at the outer edge of the sidewalk just at the side of the entrance to the tenements, a cable box six feet in height, about

six inches in diameter at the base for a height of about four feet, and about six inches by eleven inches for two feet more. It "will be convenient for the plaintiff, his tenants and customers, to park automobiles on the highway at or near the curbstone" and the "sidewalk will not be less commodious or convenient" and the "access to the plaintiff's property and the highway will not be rendered difficult or dangerous or impaired or interfered with in any substantial degree." From a decree dismissing the bill, the plaintiff appealed. *Held*, that

(1) While the easement of access to the plaintiff's land appertained to every portion of the land, this right to cross the sidewalk to and from the part of the public way used for vehicular traffic at the outer edge of the sidewalk was limited by the public right reasonably exercised;

(2) According to the facts found by the master, the erection of the cable box as proposed would be a reasonable exercise of the public right, the plaintiff's right of access was not invaded, and his rights under art. 10 of the Declaration of Rights of the Constitution of the Commonwealth and under the Fourteenth Amendment to the Constitution of the United States were not violated;

(3) The plaintiff could not maintain the suit to enforce any right which did not differ in kind from the rights of the rest of the public;

(4) The bill properly was dismissed.

It appearing that the suit above described was heard by the master under an agreement of all parties that there was no question of the defendant's authority to place a fire alarm cable box in some location in the said public sidewalk, and that the only question at issue was "whether the defendants had exercised that authority arbitrarily and unreasonably and without regard to the plaintiff's injury," it was not open to the plaintiff, at the argument of the appeal from the final decree in this court, to raise the question, whether the defendants were the proper officers to erect the cable box as proposed.

BILL IN EQUITY, filed in the Superior Court on July 2, 1928, and described in the opinion.

The suit was referred to a master. Material facts found by him are stated in the opinion. His report also contained the following: "In determining the location for the cable box, the defendants did not act arbitrarily, capriciously, whimsically or unreasonably, but exercised sound, careful, deliberate, reasonable and good judgment, free from partiality and not swayed by sympathy or warped by prejudice, nor moved by any kind of influence, except the desire to do the right thing for the town, the plaintiff and all persons concerned."

The suit was heard on the pleadings and the master's report by *F. T. Hammond*, J., by whose order there were

entered on October 3, 1928, an interlocutory decree over-ruling exceptions by the plaintiff and on October 22, 1928, a final decree dismissing the bill. On November 8, 1928, the plaintiff filed what purported to be an appeal from both decrees.

The case was submitted on briefs.

*W. C. Marshall*, for the plaintiff.

*J. M. Oates*, Town Counsel, for the defendants.

FIELD, J. The plaintiff, an owner of real estate on Main Street in Watertown, seeks by this bill in equity brought in the Superior Court to enjoin the defendants, the selectmen and the inspector of poles and wires of that town, from erecting a fire alarm cable box in a certain location in the public sidewalk which adjoins the plaintiff's real estate. The case was referred to a master. The trial judge entered an interlocutory decree overruling the plaintiff's exceptions to the master's report and confirming it, and a final decree dismissing the bill with costs. The plaintiff did not appeal from the interlocutory decree within the time fixed therefor by statute. G. L. c. 214, §§ 26, 19. He appealed from the final decree seasonably.

We are of opinion that the plaintiff's exceptions to the master's report cannot be considered under G. L. c. 214, § 27, as it does not appear to us that the final decree is erroneously affected by the interlocutory decree overruling the exceptions and confirming the report. *Fay* v. *Corbett*, 233 Mass. 403, 409, 410. *Ledoux* v. *Lariviere*, 261 Mass. 242.

Among the facts found by the master are the following: The town "is installing a new fire alarm and signal system, which is underground .... The fire alarm cable boxes are being installed along Main Street . . . as an essential part of the new system." The plaintiff's land is occupied by a building, having a frontage of about forty-two feet, containing two tenements and two stores. The entrance to the tenements is in the center, and an entrance to a store at each end, of the front of the building. In front of the building there is a sidewalk about twelve feet wide of which two feet in width are on the plaintiff's land. The defendants propose to erect a cable box at the outer edge of the sidewalk just at

one side of the entrance to the tenements. It "is six feet in height, measures about six inches in diameter at the base for a height of about four feet and then measures about six inches by eleven inches for two feet more."

The rights of the public in the highway, including the sidewalk, in front of the plaintiff's premises, include the right to lay therein the cable of a fire alarm signal system and to erect, equip and maintain therein the cable boxes incidental thereto. Even if the public right in the highway is an easement only, the erection of such a fire alarm signal system is not an additional servitude. See *Pierce* v. *Drew*, 136 Mass. 75; *New England Telephone & Telegraph Co.* v. *Boston Terminal Co.* 182 Mass. 397, 399; *Commonwealth* v. *Morrison*, 197 Mass. 199, 203, 205, and cases cited; *Crullen* v. *Edison Electric Illuminating Co. of Boston*, 254 Mass. 93, 94. See also *Pettingell* v. *Chelsea*, 161 Mass. 368; *Postal Telegraph Cable Co.* v. *Chicopee*, 207 Mass. 341.

The plaintiff does not question the existence of the public right as herein defined, but he contends that the exercise of it in the manner proposed will interfere with access to and from the public way from and to his premises. Undoubtedly a right of access to and from the public way is an incident of his ownership of this land. *Anzalone* v. *Metropolitan District Commission*, 257 Mass. 32, 36. In this respect his right is different in kind from the rights of the public generally.

As to the effect of the proposed erection of a cable box on access the master found that the "access to the plaintiff's property and the highway will not be rendered difficult or dangerous or impaired or interfered with in any substantial degree." He found also that it "will be convenient for the plaintiff, his tenants and customers, to park automobiles on the highway at or near the curbstone" and that the "sidewalk will not be less commodious or convenient." These findings of fact are consistent with the master's findings as to the size and location proposed for the cable box.

Obviously the proposed cable box will not interfere at all with passage between the sidewalk and the plaintiff's premises. The easement of access appertains to every por-

tion of the land (see *Anzalone* v. *Metropolitan District Commission, supra*) but it does not follow that this easement includes a right to cross the sidewalk to and from the part of the public way used for vehicular traffic at all places along the outer edge of the sidewalk. See *Anzalone* v. *Metropolitan District Commission, supra*, page 37; *Metropolitan District Commission* v. *Cataldo*, 257 Mass. 38, 41, 42; *Wegner* v. *Kelley*, 182 Iowa, 259, 265. Nor does the easement necessarily include a right to cross at the place at the outer edge of the sidewalk which is in front of an existing entrance to the building. Though access to and from the public way may not be cut off wholly, the plaintiff's right thereto is limited by the public right reasonably exercised. See *Anzalone* v. *Metropolitan District Commission, supra*, pages 37, 38; *Metropolitan District Commission* v. *Cataldo, supra*. See also *Sears* v. *Crocker*, 184 Mass. 586, 588, 589. According to the facts found by the master, the erection of the cable box as proposed will be a reasonable exercise of the public right. Hence the plaintiff's right of access will not be invaded, and neither art. 10 of the Declaration of Rights of the Constitution of the Commonwealth nor the Fourteenth Amendment to the Constitution of the United States, which the plaintiff invokes, will be violated.

There is no basis in the facts found by the master for a contention that any private right of the plaintiff other than his right of access will be interfered with by the erection of the cable box as proposed. Moreover, he cannot maintain this suit to enforce any right which does not differ in kind from the rights of the rest of the public. *Robinson* v. *Brown*, 182 Mass. 266, and cases cited. *Warner* v. *Mayor of Taunton*, 253 Mass. 116.

The question whether the defendants are the proper officers to erect the cable box as proposed, now raised by the plaintiff for the first time so far as the record shows, is not open here. It appears from the master's report that "The hearings were conducted upon the agreement of all parties that there was no question of the defendants' authority to place a fire alarm cable box in some location in the said public sidewalk, but the only question at issue was whether the defendants had ex-

ercised that authority arbitrarily and unreasonably and without regard to the plaintiff's injury."

It follows that the bill was dismissed properly.

*Decree affirmed with costs.*