ARLIN T. FOSTER *vs.* CITY OF EVERETT.

Suffolk.    January 30, 1956. — March 29, 1956.

Present: QUA, C.J., SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Equity Jurisdiction,* Declaratory relief. *Declaratory Judgment. Jurisdiction,* Raising question of jurisdiction. *Equity Pleading and Practice,* Judicial discretion, Declaratory proceeding, Appeal. *Pension. Police. Evidence,* Presumptions and burden of proof.

Whether the question presented in a suit for declaratory relief was a proper subject of such a suit was a matter of jurisdiction which could be raised in this court although not raised in the trial court. [16]

The question whether a police officer was entitled to the benefit of the presumption afforded by G. L. (Ter. Ed.) c. 32, § 94, as appearing in St. 1951, c. 594, in establishing his eligibility for retirement on a pension for disability under § 83A (a) involved a "right" and was a proper subject of a suit for declaratory relief under c. 231A. [16]

In a suit in equity under G. L. (Ter. Ed.) c. 231A seeking a declaratory decree solely as to the plaintiff's "right" to avail himself of a certain statutory presumption in establishing his eligibility for retirement on a pension for disability, the court, having jurisdiction to make such declaration, might properly in its discretion make it even though the matter of the presumption was only one of the points in dispute in the controversy respecting the plaintiff's eligibility for retirement and the declaration would not settle the controversy. [16–17]

A physical examination which was taken and passed by one several months before his appointment as a reserve police officer and twenty-two months before his appointment as a permanent officer and which was the only examination required for his appointments satisfied the provision of G. L. (Ter. Ed.) c. 32, § 94, as appearing in St. 1951, c. 594, respecting his having successfully passed a physical examination "on entry into such service." [17–18]

In a proceeding in which the only question presented in the trial court was whether the plaintiff came within the terms of a statute affording a presumption in aid of the establishment of certain rights, the defendant was not entitled as of right to attack the constitutionality of the statute in this court for the first time. [18]

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on April 21, 1955.

The suit was heard by *Ronan,* J.

In this court the case was submitted on briefs.

*Harris E. Albert,* City Solicitor, for the defendant.

*Harry M. Lack,* for the plaintiff.

SPALDING, J. The plaintiff, a police officer of the city of Everett, brings this bill for declaratory relief to determine whether he is eligible for retirement and a pension under the provisions of G. L. (Ter. Ed.) c. 32, § 83A (a), inserted by St. 1946, c. 576, § 3.

The pertinent facts, which are not in dispute, are these. The plaintiff successfully passed a mental and physical examination given by the civil service commission on January 18, 1927, and as a result thereof his name was placed on a list of persons eligible for appointment as a police officer. The physical examination did not reveal any evidence of heart disease. On May 9, 1927, the plaintiff was appointed a reserve police officer, and on November 26, 1928, he became a permanent officer and still holds that position.

This controversy arose after the plaintiff filed an application with the mayor and aldermen of the defendant city seeking retirement and pension under G. L. (Ter. Ed.) c. 32, § 83A (a).[1] A medical panel, in accordance with § 85F of c. 32, inserted by St. 1946, c. 576, § 6, as amended, conducted an examination of the plaintiff and certified that he had a heart disease which permanently disabled him from performing his duties as a police officer. The panel further certified that the disability was the "natural and proximate result of the accident or hazard undergone on account of which the retirement is claimed."

Although the plaintiff in his bill sought an adjudication of his right to retirement and pension under § 83A (a), the single justice, on the case presented, was in no position to decide that question. It does not appear that the plaintiff's application had progressed beyond the report of the medical panel. That was only a preliminary step in the retirement procedure. The plaintiff had the further duty of establishing his right to retirement and pension before the mayor

---

[1] It is agreed that the city of Everett accepted the provisions of G. L. (Ter. Ed.) c. 32, § 83, prior to January 1, 1946, and that it has accepted § 83A.

and aldermen. Consequently the issue presented to the single justice was much narrower than that set forth in the bill. All that he was asked to decide was whether the plaintiff, in establishing his right to retirement, could avail himself of the presumption provided by G. L. (Ter. Ed.) c. 32, § 94, as appearing in St. 1951, c. 594.[1]

The single justice ruled that the plaintiff was entitled to the aid of § 94 and a decree was entered accordingly. The defendant appealed.

It is apparent that at the hearing before the single justice both parties desired a decision on the question presented, and that no question was raised by the defendant that the issue was not a proper subject for declaratory relief under G. L. (Ter. Ed.) c. 231A. The defendant now takes the position that the question was not a proper one for declaratory relief. Since the question is one of jurisdiction it can be raised at any stage of the proceedings. *Jones* v. *Jones*, 297 Mass. 198, 202. The defendant argues that the question decided did not involve a "right, duty, status and other legal relations" within the purview of § 1 of c. 231A. We do not agree. The plaintiff sought a decision on whether he was entitled to the aid of the presumption provided by § 94. We think that this called for a declaration "of right" within the intendment of § 1.

The defendant further argues that the question presented for decision would not settle the controversy. That is true. The applicability of § 94 was but one point in the dispute. If the presumption applied it would disappear and become a matter of no consequence when "the contrary . . . [was] shown by competent evidence." See *Lapinsky's Case*, 325 Mass. 13, 16. "One of the principal purposes of the declaratory judgment law . . . is to settle completely the con-

---

[1] That section, so far as material, reads: "Notwithstanding the provisions of any general or special law to the contrary affecting the non-contributory or contributory system, any condition of impairment of health caused by hypertension or heart disease resulting in total or partial disability to a . . . permanent member of a police department . . . who successfully passed a physical examination on entry into such service, which examination failed to reveal any évidence of such condition, shall be presumed to have been suffered in line of·duty, unless the contrary be shown by competent evidence."

troversy submitted for decision. . . . This purpose . . . is further emphasized by § 3, which provides that the court may 'refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceedings or for other sufficient reasons.'" *Kilroy* v. *O'Connor*, 324 Mass. 238, 242. It would be a perversion of the purposes of the statute if it were used to obtain decisions on subordinate questions in a case. Instead of a dispute resulting in one judicial proceeding it would divide, amoeba-like, and give rise to many. Thus, in Lord Sterndale's words, a procedural device which, when "Properly used, . . . [is] very useful" would, by misuse, "almost amount to a nuisance." *Gray* v. *Spyer*, [1922] 2 Ch. 22, 27. Conceivably had the question now presented been brought to the attention of the single justice he might well have refused declaratory relief. Still, the court was not without jurisdiction to enter the decree here involved. Under § 3 it was within the judge's discretion whether or not he would grant the relief asked for, and we cannot say that he erred in doing so.

On the merits the question for decision is whether the physical examination taken by the plaintiff on January 18, 1927 (twenty-two months before his appointment as a permanent member of the defendant's police department), satisfied the requirements of § 94. Under that section the presumption becomes applicable to one "who successfully passed a physical examination *on entry into such service*" (emphasis supplied). The italicized words could not have meant that the examination must take place on the very day the police officer entered the service. Obviously the examinations to determine eligibility, physical and otherwise, must be made prior to the appointment. Thus, the physical examination would always precede by some period of time one's entry into the service. True, twenty-two months is a considerable period, and the condition of an applicant's health might change substantially during that

interval. But the examination here appears to have been the only one required in order to qualify the plaintiff for an appointment, and we think that it cannot be said that it was not the examination called for by the statute.

The defendant further contends that the presumption created by § 94 is so arbitrary and capricious that it exceeded the power of the Legislature. A sufficient answer is that the defendant is seeking to present here for the first time a question not raised before the single justice. This cannot be done as of right. *Centebar* v. *Selectmen of Watertown*, 268 Mass. 121, 125–126. *Donahue* v. *Dal, Inc.* 314 Mass. 460, 463. The sole question before the single justice, as the defendant concedes, was whether the plaintiff was entitled to invoke the presumption created by § 94; no question of constitutionality was presented. We shall deal with the case on the same footing. See Anderson, Declaratory Judgments, § 487; *Newington* v. *Mazzoccoli*, 133 Conn. 146, 151–152; *Lickert* v. *Omaha*, 144 Neb. 75, 81–82.

*Decree affirmed.*